(110 App. Div. 720)

PEOPLE ex rel. HAYES et al. v. BRUSH, Mayor.

(Supreme Court, Appellate Division, Second Department. January 5, 1906.)

MANDAMUS—TO PRESIDING OFFICER OF CITY COUNCIL.

Mandamus will lie to the presiding officer of the common council of a city to put the motion that the common council proceed to appoint the standing committees, his duty to put the motion being purely ministerial,

and he having no right to do as he did—declare the motion out of order and refuse to put it, on the ground that it contemplated action ultra vires the council.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, §§ 133–138.]

Appeal from Special Term, Westchester County.

Mandamus by the people on the relation of James P. Hayes and others against Edward F. Brush, as mayor of the city of Mt. Vernon. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

David Swits, for appellant.

Arthur M. Johnson, for respondents.

JENKS, J. The mayor of the city of Mt. Vernon is ex officio the presiding officer of the common council, a body of certain legislative powers, empowered to determine the rules of its proceedings. City Charter, c. 182, p. 355, Laws 1892. At a meeting of that body, the rules of the last common council were adopted, including one that the standing committees shall be appointed by a majority vote. Thereafter, it was duly moved that the common council proceed to appoint such committees in accord with that rule. The said presiding officer declared this motion out of order, and refused to submit it. The mover then appealed from this decision, but the presiding officer further refused to put the appeal to vote, stating that the mover had his remedy in the courts. The return shows that the refusal was based upon the proposition that the presiding officer, not the common council, was empowered by the charter to appoint these standing committees, under the charter, and particularly section 36 thereof, which provides that:

"It shall be the duty of every alderman * * * to act upon committees when thereunto appointed by the mayor or common council."

I shall not decide upon this appeal where the power to appoint such standing committees is lodged.

Mr. Spelling, in his Injunctions and Other Extraordinary Remedies, writes (section 1369):

"To justify the issuance of the writ does not always or necessarily require that it should finally settle or determine the controversy."

I shall confine myself to the question whether mandamus lies to this presiding officer to put the motion that the common council proceed to appoint the standing committees. The duty of this presiding officer to put such motion did not involve the exercise of any discretion; but it was purely ministerial. Tennant v. Crocker, 85 Mich. 328, 48 N. W. 577; State ex rel. v. Meier, 143 Mo. 448, 449, 45 S. W. 306. And in this proceeding he is before the court simply as such presiding officer. In Marbury v. Madison, 1 Cranch, 137, 170, 2 L. Ed. 60, Marshall, C. J., says:

"It is not by the office of the person to whom the writ is directed, but the nature of the thing to be done, that the propriety or impropriety of issuing a mandamus, is to be determined."

Peremptory writ of mandamus often issues to such local bodies of legislative powers and to the officers thereof to act in matters which are in their nature ministerial. Smith on Modern Law of Municipal Corporations, § 303, and authorities cited; State ex rel. v. Meier, 72 Mo. App. 618, 620; People ex rel. Wooster v. Maher, 141 N. Y. 330, 336, 36 N. E. 396; People ex rel. Kelly v. Common Council, 77 N. Y. 510, 33 Am. Rep. 659; 19 Am. & Eng. Ency of Law (2d Ed.) p. 867. In effect the proposition of the presiding officer is that he may refuse to put the motion if he thinks that it contemplates action which is ultra vires the body over which he presides. If he can thus prevent action, he practically exercises a veto power, which is not conferred on him by statute, and is not inherent in him as a mere presiding officer. For in effect this would make him by virtue of his right to preside a co-ordinate or a superior branch of the local legislative body. See State ex rel. v. Meier, 143 Mo. 439, 45 S. W. 306.

I am not unmindful that the matter went beyond the mere refusal to put the question to the refusal to entertain the appeal. But the return shows that the presiding officer declared the motion out of order, on the ground that it contemplated the exercise of powers conferred on him, and not on the common council. I think that this objection in the mind of the presiding officer did not constitute a question of order. Cushing on the Law and Practice of Legislative Assemblies (section 1463) says:

"It then becomes important in certain cases, especially when the question arises on the suggestion of an individual member, to determine what are questions of order, for the decision of the presiding officer, and, herein, no other general rule can be laid down, than that a question of order, always, whatever other effect it may have, is one which affects the present state of the business of the assembly; but the present effect of a motion, as to its subject-matter, or its prospective operation as a matter of order or the business of the house, or whether the assembly is dissolved or not by the lapse of time, is not a question of order."

None will dispute the general power of a presiding officer at the objection of a member of the body, or sua sponte, to pass upon the question of the order of a motion under the rules of the body, subject to its review upon appeal from his decision, but in my view of this case this presiding officer could not declare the motion out of order and refuse to put it to a vote, on the ground that it contemplated action ultra vires the body.

I advise that that part of the order which grants a peremptory writ to the presiding officer to put a motion duly made for the appointment of the standing committees, be affirmed, without costs of this appeal. All concur.